AO 91 (Rev. 5/85) Criminal Complaint

# United States District Court

DISTRICT OF Massachusetts

UNITED STATES OF AMERICA

V.

Mohamed Alkhaolani
249 Westfield Street #4
West Springfield, MA

**CRIMINAL COMPLAINT**

CASE NUMBER: 04mj632 KPN

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about  October 24, 2002  in  Hamden  county, in the  District of  Massachusetts  defendant(s) did, (Track Statutory Language of Offense)

knowingly utter, use, possess, obtain, accept or receive a document prescribed by statute or regulation as evidence of authorized employment in the United States, knowing it to be forged, counterfeited, altered, or falsely made, or to have been procured by means of any false claim or statement, or to have been otherwise procured by fraud or unlawfully obtained

in violation of Title  18  United States Code, Section(s)  1546(a)  .

I further state that I am a(n)  Senior Special Agent  and that this complaint is based on the following
                                Official Title
facts:

see attached affidavit

Continued on the attached sheet and made a part hereof:   ☒ Yes   ☐ No

_____
Signature of Complainant

Sworn to before me and subscribed in my presence,

March 25, 2004                              at   Springfield, Massachusetts
Date                                                City and State

Kenneth P. Neiman  Magistrate Judge       _____
Name & Title of Judicial Officer                   Signature of Judicial Officer

This form was electronically produced by Elite Federal Forms, Inc.

## AFFIDAVIT OF SENIOR SPECIAL AGENT GREGORY C. NEVANO

I, Gregory C. Nevano, having been duly sworn, do hereby dispose and state as follows:

1. I am a Senior Special Agent with the Bureau of Immigration and Customs Enforcement ("ICE"), formerly the Immigration and Naturalization Service ("INS"). I have been employed with ICE since 1991, and have conducted several criminal investigations involving immigration fraud. I am presently assigned to the Joint Terrorism Task Force ("JTTF") within the ICE Boston, Massachusetts Field Office.

2. I make this affidavit in support of a criminal complaint against Mohamed ALKHAOLANI, a.k.a. Mohamed ALKHOLANI, Mohamed Abdule KHOLANI, Mohamed ABU ALKHAOLANI, and Mohamed AL-KHOLANI, charging him with fraud and misuse of visas, permits, and other documents, in violation of Title 18, United States Code, Section 1546(a).

3. The information set forth in this affidavit is based on my own investigation, and my review of ICE records, as well as information provided by other law enforcement officials. This affidavit does not contain every fact that I have learned during the course of this investigation, but instead has included only those facts which I believe establish the requisite probable cause.

4. On or about January 20, 2004, I queried ALKHOLANI in ICE indices. The Non-Immigrant Information System indicated that on August 28, 1998, an individual named "Mohamed ABDU ALKHAOLANI" presented a Yemeni Passport (00220594) and was admitted to the United States at Chicago, Illinois, as an F-1 nonimmigrant student. The record indicated that ALKHAOLANI was to be enrolled at Vincennes University in Indiana, and was admitted for the duration of his status as

a nonimmigrant F-1 student. The Student/School System, an immigration database reflecting the status of nonimmigrant F-1 students in the United States, indicated that ALKHAOLANI had subsequently transferred to Springfield Technical Community College in Springfield, Massachusetts.

5. On or about January 29, 2004, I sent an administrative ICE subpoena to Andrea Lucy-Allen ("Lucy-Allen"), Director of Admissions, Springfield Technical Community College. Lucy-Allen was asked to provide ICE with ALKHAOLANI's proposed dates of attendance, his actual dates of attendance, and whether or not he transferred to another university.

6. Responsive documents from Springfield Technical Community College indicate that on or about January 26, 1999, ALKHAOLANI began attending the school. ALKHAOLANI's expected date of completion at Springfield Technical Community College was December 31, 2000. In the fall of 2000, ALKHAOLANI withdrew from his classes. ALKHAOLANI was advised that in order to return to the Springfield Technical Community College, he would have to apply for reinstatement as prescribed by the Immigration and Nationality Act. During the spring 2001 semester, ALKHAOLANI returned to the school and attempted to enroll for classes. ALKHAOLANI was unable to provide evidence of his reinstatement by INS and he was not allowed to return to school. ALKHAOLANI then applied for enrollment again for the spring semester of 2003. This time he presented an "Employment Authorization Card" which reflected alien registration number "045-241-675" and date of birth May 28, 1980. The school accepted the card as proof of ALKHAOLANI's lawful immigration status and photocopied it for their records.

They returned the original card to ALKHAOLANI. He was allowed to enroll, attended one semester and then did not continue. No record was on file indicating that ALKHAOLANI had transferred to another college.

7. Since ICE records did not indicate that ALKHAOLANI was a "Resident Alien," I sent a subsequent administrative ICE subpoena to Lucy-Allen requesting that she furnish the following information: a copy of ALKHAOLANI's applications for admission and any documentation he provided to show that he had "Resident Alien" status.

8. On or about January 30, 2004, Lucy-Allen provided documents to ICE in response to the subpoena. The documents indicate that on or about October 24, 2002, ALKHAOLANI completed an Application for Day Admission to Springfield Technical Community College. In response to the question on the application asking for "citizenship status," ALKHAOLANI checked the box next to "Resident Alien" and stated that he was a citizen of Yemen. ALKHAOLANI was required to submit documentation attesting to his status and he presented an "Employment Authorization Card" in the name of "Mohamed Abdule KHOLANI," date of birth May 28, 1980. I reviewed the photocopied Employment Authorization Card ALKHAOLANI presented and compared it to the Massachusetts Registry of Motor Vehicles photograph on record for "Mohamed Abdul Al-Kholani," date of birth May 28, 1980. The photographs appear to be of the same person.

9. The Employment Authorization Card listed ALKHAOLANI's country of birth as "NEW." "NEW" is the ICE code for Newark, New Jersey and is not associated with any ICE country code. Additionally, ALKHAOLANI's photograph appeared to be

taken by a conventional camera, as opposed to a digital camera, which is the customary practice of ICE. Furthermore, the font on the card was different from the font used on typical ICE Employment Authorization Cards. Finally, ALKHAOLANI's card listed "045-241-675" as his identifying alien number.

10. On or about January 29, 2004, I queried alien file number 045-241-675 in the Central Index System. Alien file numbers are unique and each number is assigned to only one person. Alien file number 045-241-675 is assigned to an individual named "Alexander RUIZ-TORO" born in Colombia on September 3, 1981. Alexander RUIZ-TORO is a Lawful Permanent Resident and not the holder of an Employment Authorization Card.

11. In the course of this investigation, I asked the Springfield Police Department whether ALKHAOLANI was reflected in their indices. The Springfield Police Department indicated that ALKHAOLANI had applied for a hackney license on December 29, 2000 and provided a copy of the application to me. In response to the question asking for the applicant's place of birth, ALKHAOLANI wrote "New York." The application was signed under the penalties of perjury and includes a photograph of ALKHAOLANI taken on the day he applied for the license.

12. I compared the hackney license photograph to the photograph on the Employment Authorization Card presented to Springfield Technical Community College. They appear to me to be the same person.

13. Based on the foregoing, I believe that probable cause exists that ALKHAOLANI knowingly uttered, used, possessed, obtained, accepted or received a document prescribed by statute or regulation as evidence of authorized employment in the United States, knowing it to be forged, counterfeited, altered, or falsely made, or to have been procured by means of any false claim or statement, or to have been otherwise procured by fraud or unlawfully obtained, in violation of Title 18, United States Code, Section 1546(a).

Gregory C. Nevano
Senior Special Agent

Subscribed and sworn to before me this 25th day of March, 2004.

KENNETH P. NEIMAN
United States Magistrate Judge